IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELISSA AMSCHWAND, | § | |
| INDIVIDUALLY, AND ON BEHALF OF | § | |
| THE ESTATE OF THOMAS AMSCHWAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-02-4836 |
| | § | |
| SPHERION CORPORATION, | § | |
| INDIVIDUALLY, and as PLAN | § | |
| ADMINISTRATOR, TRUSTEES OF THE | § | |
| INTERIM HEALTH BENEFITS TRUST | § | |
| GROUP LIFE PLAN, and | § | |
| GROUP LIFE AND ACCIDENTAL | § | |
| DEATH AND DISMEMBERMENT | § | |
| INSURANCE PLAN, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| v. | § | |
| | § | |
| AETNA LIFE INSURANCE COMPANY, | § | |
| | § | |
| Third-Party Defendant. | § | |

MEMORANDUM AND ORDER

Pending are the following: Defendants Spherion Corporation's, Trustees of the Interim Health Benefits Trust's, and the Group Life and Accidental Dismemberment Insurance Plan's Motion for Partial Summary Judgment (Document No. 127); Plaintiff Melissa Amschwand's [Cross] Motion for Partial Summary Judgment (Document No. 131); and Third-Party Defendant Aetna Life Insurance Company's Motion for

Summary Judgment on Third-Party Complaint (Document No. 124).[1]
After having carefully reviewed the motions, responses, replies,
and the applicable law, the Court concludes as follows:

## I.  Background

This case arises under the Employee Retirement Income Security
Act ("ERISA"), 29 U.S.C. §§ 1001, et seq.  Plaintiff Melissa
Amschwand ("Plaintiff") brings suit against Defendants Spherion
Corporation ("Spherion"), Trustees of the Interim Health Benefits
Trust (the "Trustees"), and the Group Life and Accidental
Dismemberment Insurance Plan (the "Plan") (collectively, "Spherion
Defendants" or "Defendants") in an effort to recover the value of
basic and supplemental life insurance benefits that Plaintiff
contends she would have received under the Plan but for a breach of
fiduciary duty by Spherion, the former employer of Plaintiff's late
husband Thomas Amschwand ("Mr. Amschwand").[2]

_____

[1] Also pending is Defendants Spherion Corporation's, Trustees
of the Interim Health Benefits Trust's, and the Group Life and
Accidental Dismemberment Insurance Plan's Motion to Strike
(Document No. 140), in which Defendants lodge a large number of
objections to Plaintiff's summary judgment evidence.  Virtually all
of these objections are without merit, but because the Court
concludes that Defendants are entitled to summary judgment even if
Plaintiff's challenged evidence is considered, the motion to strike
will be DENIED AS MOOT.

[2] Although Plaintiff initially sued Aetna Life Insurance
Company ("Aetna"), the insurer of Spherion's life insurance Plan,
Plaintiff voluntarily dismissed Aetna from the lawsuit in October,

Mr. Amschwand began working at Spherion in February 1998.[3]  At that time, Mr. Amschwand participated in the Plan, a life insurance plan established and maintained by Spherion and insured through a group life insurance policy issued by Prudential Life Insurance Company of America ("Prudential").   Document No. 104 ¶ 14.   On August 12, 1999, Mr. Amschwand was diagnosed with cardiac angiosarcoma, a rare form of heart cancer.   Id. ¶ 10.   Due to his illness, Mr. Amschwand took Family and Medical Leave Act leave on August 16, 1999, followed by disability leave, and never returned to work.  He died on February 11, 2001.

Effective May 1, 2000, Spherion changed life insurance carriers.  Basic and supplemental life insurance benefits under the Plan were insured through Group Policy No. GP-779407 (the "Policy"), which Spherion purchased from Aetna.  Document No. 124 ex. A-1.  The Policy contained an "Active Work Rule," which stated:

---

2004.  See Document No. 100.  Plaintiff evidently determined that her husband did not meet Aetna's conditions for coverage prior to his death.  See Document No. 131 at 11-12.  Defendants then filed a third-party complaint against Aetna, alleging that "[i]n the event the Spherion Defendants (or any of them) are found liable to Plaintiff, then Aetna should be held liable to the Spherion Defendants for all such liability."  Document No. 120 ¶ 11.

[3] According to Plaintiff, Mr. Amschwand was actually hired by Spherion's predecessor, a company called Anatec.  Document No. 104 ¶ 9.   Anatec was purchased by Norrell Information Services ("Norrell") in July, 1998, and a year later, Norrell was purchased by Interim Technology Consulting, who changed Norrell's name to Spherion in July, 2000.  Id.

"If the employee is ill or injured and away from work on the date any of his or her Employee Coverage (or any increase in such coverage) would become effective, the effective date of coverage (or increase) will be held up until the date he or she goes back to work for one full day." Document No. 124 ex. A-1 at A0000310. The Active Work Rule was also set forth in the "Summary of Coverage" (the "SPD") Aetna created for Spherion's employees. Id. ex. A-2 at A0000146 ("If you happen to be ill or injured and away from work on the date your coverage would take effect, the coverage will not take effect until you return to full-time work for one full day.").[4] According to Plaintiff, Aetna and Spherion agreed that the Active Work Rule would be waived for certain employees identified by Spherion as not actively at work on the effective date of the Policy. Unfortunately, Spherion did not provide Mr. Amschwand's name to Aetna.

In March, 2000, Spherion notified its employees, including Mr. Amschwand, that the "open enrollment" period during which Spherion employees could elect to participate in the Plan had commenced. See Document No. 133 ex. 11. Mr. Amschwand participated in open enrollment, purchasing basic and supplemental life insurance benefits, and in November, 2000, Spherion confirmed to him that he

---

[4] It is uncontroverted that Mr. Amscwhand requested but never received copies of the Policy and/or the SPD before his death.

was enrolled in the Plan.  <u>Id.</u> exs. 11; 41.  Mr. Amschwand paid his monthly premium payments directly to Spherion up until his death. <u>Id.</u> exs. 15-18, 33-34.  It is uncontroverted that Mr. Amschwand was never informed that, pursuant to the terms of the Policy, his life insurance coverage under the Plan would not take effect until he returned to work for one full day.

After Mr. Amschwand's death, Plaintiff filed a claim for life insurance benefits with Aetna, which Aetna denied on the ground that Mr. Amschwand had not satisfied the Active Work Rule inasmuch as he never returned to work for at least one full day between May 1, 2000, when the Policy became effective, and the date of his death on February 11, 2001.  Hence, he never became eligible either for basic or supplemental life insurance coverage under the Policy. <u>See</u> <u>id.</u> exs. A-3, A-4.  After unsuccessfully challenging the denial of benefits through Aetna's administrative appeals process, Plaintiff filed this action against the Spherion Defendants pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(1)(3).[5]

In her Sixth Amended Complaint, Plaintiff alleges that Spherion and the Trustees, as Plan Administrators, breached their fiduciary duties by providing to Plaintiff and her husband false information about the terms and status of his life insurance

---

[5] Plaintiff claims for statutory penalties and attorney's fees under ERISA § 502(c)(1)(B) and (g)(1) are not at issue here.

5

coverage under the Plan.  According to Plaintiff, Defendants affirmatively represented to Mr. Amschwand that his death benefits were in place and would be payable to Plaintiff in the event of his death, but neglected to advise him that his coverage under the Plan would not be effective until he returned to work for one full day. Document No. 104 ¶¶ 47-48, 55-56.  In addition, Plaintiff alleges that despite numerous requests, Defendants failed to provide her and her husband with copies of the Plan documents that would have alerted them to the Plan's terms for coverage, including the Active Work Rule.  Id. ¶¶ 51-53, 58-60.  Plaintiff therefore seeks (1) an award of "$426,000 (the value of the life insurance benefits) from Spherion," representing the "monetary losses caused by [the Spherion Defendants'] breach of fiduciary duty"; (2) statutory damages in the amount of $100 per day from the date of Spherion's "failure or refusal to send the documents requested by Plaintiff"; and (3) injunctive relief prohibiting Spherion from "following the express terms of any plan documents which are inconsistent with the affirmative representations Spherion made to the Amschwands about the terms of Mr. Amschwand's life insurance proceeds." Id. ¶¶ 49-51, 57-58.  Plaintiff also requests pre- and post-judgment interest, attorney's fees, and costs.

Defendants move for partial summary judgment that money damages are not available under ERISA § 502(a)(3), which provides

only for "appropriate equitable relief."  29 U.S.C. § 1132(a)(3).
In response, Plaintiff cross-moves for partial summary judgment
that "equitable relief" within the meaning of ERISA § 502(a)(3)
includes recovery from a fiduciary any monetary losses caused by
the fiduciary's breach of its duties.  Finally, Aetna moves for
summary judgment on the Third-Party Complaint on the grounds that
it is not liable to Defendants for their alleged misrepresentations
and omissions concerning the terms for life insurance coverage
under the Plan.

## II.   <u>Standard of Review</u>

Federal Rule of Civil Procedure 56(c) provides that summary
judgment "shall be rendered forthwith if the pleadings,
depositions, answers to interroga-tories, and admissions on file,
together with the affidavits, if any, show that there is no genuine
issue as to any material fact and that the moving party is entitled
to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  The
moving party must "demonstrate the absence of a genuine issue of
material fact."  <u>Celotex Corp. v. Catrett</u>, 106 S. Ct. 2548, 2553
(1986).  Once the movant carries this burden, the burden shifts to
the nonmovant to show that summary judgment should not be granted.
*See* <u>id.</u> at 2553-54.  A party opposing a properly supported motion
for summary judgment may not rest upon mere allegations or denials

7

in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice.  *See* Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998) (citing Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2514-15 (1986)).  "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." Id.

In considering a motion for summary judgment, the district court must view the evidence through the prism of the substantive evidentiary burden.  *See* Anderson, 106 S. Ct. at 2513-14.  All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  *See* Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).  "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper.  Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993) (citing Matsushita, 106 S. Ct. at 1351).  On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper."  Id. (citing Anderson, 106 S. Ct. at 2511).  Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial."  Anderson, 106 S. Ct. at 2513.

8

### III.  Discussion

A.   "Appropriate Equitable Relief" Under ERISA § 502(a)(3)

Section 502(a)(3) of ERISA authorizes a beneficiary to bring a civil action "(A) to enjoin any act or practice which violates any provision of [ERISA] or the terms of the plan, or (B) to obtain other appropriate *equitable relief* (i) to redress such violations or (ii) to enforce any provisions of [ERISA] or the terms of the plan."  29 U.S.C. § 1132(a)(3) (emphasis added).  According to the Spherion Defendants, the remedies sought by Plaintiff--the value of the life insurance benefits she would have received under the Plan had her husband complied with the Active Work Rule and/or an injunction prohibiting Defendants from applying the Active Work Rule to deny her the proceeds of the insurance policy--are not "equitable relief" and are therefore not recoverable under ERISA § 502(a)(3).  *See* Document No. 129 at 4-13.[6]

_____

[6] Defendants also argue that ERISA § 502(a)(3) does not provide recovery for the "liquidated damages" Plaintiff mentions in her prayer for relief.  *See* Document Nos. 104 at 20; 129 at 13. The only reference in ERISA to "liquidated damages" appears in ERISA § 502(g)(2)(C)(ii), and the Court agrees that this provision does not apply in this suit.  *See* 29 U.S.C. § 1132(g)(2)(C)(ii). Plaintiff does, however, assert a claim for *statutory* damages under ERISA § 502(c)(1)(B), and Plaintiff presumably used the term liquidated damages when referring to this claim.

Although ERISA does not define "equitable relief," the Supreme Court has considered the meaning of the term on two occasions.  In Mertens v. Hewitt Associates, 113 S. Ct. 2063 (1993), participants in a qualified pension plan brought suit under ERISA § 502(a)(3) against a non-fiduciary to recover losses resulting from the non-fiduciary's participation in an alleged fiduciary breach.  Mertens, 113 S. Ct. at 2065-66.  The participants attempted to characterize the relief they sought as "equitable relief," but the Court rejected that argument, noting that the participants were not seeking "a remedy traditionally viewed as 'equitable,' such as injunction or restitution."  Id. at 2068.  The Court determined that although the participants "often dance around the word, what [they] in fact seek is nothing other than compensatory damages-- monetary relief for all losses their plan sustained as a result of the alleged breach of fiduciary duties."  Id.  Because "[m]oney damages are, of course, the classic form of legal relief," the Court held that the participants were not entitled to recover the relief they sought under ERISA § 502(a)(3).  Id.

The Supreme Court further clarified the meaning of "appropriate equitable relief" in Great-West Life & Annuity Insurance Company v. Knudson, 122 S. Ct. 708 (2002).  In Great-West, the plan administrator brought suit under ERISA § 502(a)(3) to enforce a reimbursement provision in the plan against a plan

beneficiary who had received compensatory damages in a lawsuit after being severely injured in a car accident.  Great-West, 122 S. Ct. at 711.

In rejecting the administrator's claim, the Court reiterated that "the term 'equitable relief' in § 502(a)(3) must refer to 'those categories of relief that were *typically* available in equity . . . .'"  Id. at 712 (quoting Mertens, 113 S. Ct. at 2069). Although the administrator requested injunctive relief, the Court concluded that an injunction ordering reimbursement would not constitute "equitable relief" because "an injunction to compel the payment of money past due under a contract, or specific performance of a past due monetary obligation, was not typically available in equity."  Id. at 713.  The Court also rejected the administrator's request for restitution.  The Court distinguished between legal and equitable forms of restitution and explained that in equity, restitution was available only "where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession."  Id. at 714.  Because the kind of restitution the administrator sought was not "equitable--the imposition of a constructive trust or equitable lien on particular property--but legal--the imposition of personal liability for the benefits" that the administrator had conferred on the beneficiary--the Court

11

concluded that the "suit [was] not authorized by § 502(a)(3)." <u>Id.</u> at 715, 717.  Finally, the Court expressly rejected the proposition that "the common law of trusts" provided the administrator with equitable remedies that allowed it to bring suit under ERISA § 502(a)(3).  <u>Id.</u> at 717-18.

The Spherion Defendants argue that <u>Mertens</u> and <u>Great-West</u> "make clear that only strictly equitable relief is available under § 502(a)(3)" and therefore preclude Plaintiff from recovering the proceeds of the life insurance policy under ERISA § 502(a)(3).  *See* Document No. 129 at 7.  In response, Plaintiff attempts to distinguish <u>Mertens</u> and <u>Great-West</u> on the grounds that they dealt with claims for monetary relief against *non-fiduciaries*.  *See* Document No. 131 at 17-30.  According to Plaintiff, "because the relief [she] seeks is against a fiduciary, it was exclusively available in equity and treated as equitable by standard texts on remedies and trusts." <u>Id.</u> at 17-18.  Thus, Plaintiff argues, the term "equitable relief" includes "the recovery from a fiduciary of any direct monetary losses caused by the fiduciary's breach of its duties." <u>Id.</u> at 16.  This is precisely the argument that the United States Secretary of Labor advanced, and the Tenth Circuit

Court of Appeals rejected, in <u>Callery v. United States Life Ins.</u> <u>Co.</u>, 392 F.3d 401 (10th Cir. 2004).[7]

In <u>Callery</u>, plaintiff purchased life insurance coverage for her husband pursuant to a group insurance policy sponsored by her employer.  <u>Callery</u>, 392 F.3d at 403.  Although she and her husband later divorced, plaintiff continued to pay life insurance premiums for her husband's coverage until his death.  <u>Id.</u>  When plaintiff, as beneficiary, filed a claim for benefits under the plan, however, the insurance company denied coverage based upon a policy exclusion providing for termination of a spouse's eligibility for life insurance upon divorce, but refunded the premiums plaintiff had paid.  <u>Id.</u>  Thereafter, Plaintiff sued her employer under ERISA § 502(a)(3), alleging that the employer breached its fiduciary duties by failing to provide her with a copy of the summary plan description, which would have alerted her to the policy exclusion. <u>Id.</u>  To remedy the breach, plaintiff sought an order enjoining her employer from not paying the life insurance benefits and/or an

---

[7] In fact, as Defendants point out, Plaintiff's motion for summary judgment is almost entirely a verbatim copy of the *amicus curae* brief filed by the Secretary of Labor in <u>Callery</u>, altered only by the substitution of Plaintiff's name for Callery's name. *Compare* Document No. 131 at 16-30 *with* Document No. 139 ex. A at 4-23.  Nowhere in Plaintiff's motion for summary judgment, however, does she attribute her arguments to the Secretary of Labor's *amicus* brief.

order estopping her employer from denying her claim for benefits. Id. at 405.

Applying Mertens and Great-West, the Tenth Circuit concluded that "[t]o the extent [the plaintiff] seeks payment of the policy proceeds, such relief is barred under § 502(a)(3)," and "[t]o the extent she seeks injunctive relief compelling the payment of policy proceeds, [she] has dismissed the insurance company from the case and has not alleged that her situation satisfies the limitations placed upon the grant of injunctive relief in equity." Id. The Court explained that the plaintiff's claim "was most accurately construed as one for reliance damages, because she claims that the lack of notice prevented her from obtaining life insurance on her former husband from another source," but stated that "such relief is compensatory and not typically available in equity." Id. at 405-06; see also Kishter v. Principal Life Ins. Co., 186 F. Supp. 2d 438, 446 (S.D.N.Y. 2002) ("[W]hat plaintiff seeks is an individualized recovery of at least some part of the [life insurance benefits] he lost because [the employer] did not provide the [insured employee] with complete and accurate information about her life insurance policy. . . . However, there is no equitable remedy available under ERISA § 502(a)(3) that can make plaintiff whole under these circumstances.").

14

In addition, the Tenth Circuit rejected the position urged by
the Secretary of Labor in its amicus brief--"that the limited
availability of monetary damages in Mertens and Great-West is
inapplicable in this case because those cases involved contract
breaches by non-fiduciaries, rather than a claim against a
fiduciary for a fiduciary breach." Id. at 408.   The Court
explained that "[w]hile the arguments of amici that we should look
to the common law of trusts and award monetary damages pursuant to
an equitable breach of trust by a fiduciary may have been
compelling before Great-West, they are not so now," and noted that
"other courts have rejected [a] distinction . . . based on the
status of the defendant as a fiduciary." See id. (citing Rego v.
Westvaco Corp., 319 F.3d 140, 144-46 (4th Cir. 2003); McLeod v. Or.
Lithoprint Inc., 102 F.3d 376, 378 (9th Cir. 1996)).   Thus, the
Tenth Circuit stated, "[t]hough the issue is close, we must adhere
to the Supreme Court's rather emphatic guidance and therefore
conclude that in a suit by a beneficiary against a fiduciary, the
beneficiary may not be awarded compensatory damages as 'appropriate
equitable relief' under § 502(a)(3) of ERISA." Callery, 392 F.3d
at 409.

Callery is persuasive for the proposition that monetary
damages equal to the benefits a beneficiary would have received but
for the fiduciary's breach do not constitute "equitable relief" and

15

are therefore unavailable under ERISA § 502(a)(3).  The alleged
fiduciary breach by the Spherion Defendants, therefore, does not
subject them to liability to Plaintiff for damages measured by the
value of the life insurance proceeds not paid by Aetna.  Moreover,
Plaintiff is not entitled to an order enjoining the Spherion
Defendants "from affirmatively relying upon the Active Work Rule"
to deny her the proceeds of the Aetna Policy; it was Aetna, not the
Spherion Defendants, who determined that the Active Work Rule
precluded Plaintiff from receiving benefits under the Plan.  Such
an injunction, therefore, would have no effect against the Spherion
Defendants without an accompanying order requiring them to pay to
Plaintiff the disputed life insurance proceeds.  This request for
an injunction is simply an indirect attempt to recover from
Defendants what she cannot recover directly--the value of the life
insurance proceeds.  Plaintiff cannot obtain the relief she seeks
under ERISA § 502(a)(3), and her § 502(a)(3) claim must therefore
be dismissed.[8]

---

[8] Because Plaintiff as a matter of law cannot obtain the
relief requested under ERISA § 503(a)(3), her further contention
that the Spherion Defendants somehow waived the Active Work Rule
contained in Aetna's Policy has no merit.

16

B.   <u>Aetna's Liability to the Spherion Defendants</u>

Aetna moves for summary judgment on the Third-Party Complaint. In response, Defendants contend that because Plaintiff seeks $426,000 in life insurance benefits, she has brought a claim for benefits under ERISA § 502(a)(1)(B); and although Defendants agree with Aetna that Plaintiff is not entitled to recover these benefits under the express terms of the Plan, to the extent the Court holds that she is entitled to recover these amounts from Defendants, "Defendants would have a claim against Aetna for reimbursement of those fully insured benefits." *See* Document No. 138 at 2-4.[9]  The third party action against Aetna is mooted by the summary judgment granted herein for Defendants on Plaintiff's claim.  Aetna's motion for summary judgment will therefore be granted.

IV.   <u>Order</u>

For the foregoing reasons, it is

ORDERED that Defendants Spherion Corporation's, Trustees of the Interim Health Benefits Trust's, and the Group Life and Accidental Dismemberment Insurance Plan's Motion for Partial Summary Judgment (Document No. 127) is GRANTED, and Plaintiff

---

[9] Plaintiff did not assert a claim for benefits under ERISA § 502(a)(1)(B) but under § 502(a)(3).  *See* Document No. 104.

Melissa Amschwand's ERISA § 502(a)(3) claim against the Spherion Defendants is DISMISSED.  The Spherion Defendants' Motion to Strike (Document No. 140) is DENIED AS MOOT.  It is further

ORDERED that Plaintiff Melissa Amschwand's [Cross] Motion for Partial Summary Judgment (Document No. 131) is DENIED.  It is further

ORDERED that Third-Party Defendant Aetna Life Insurance Company's Motion for Summary Judgment on Third-Party Complaint (Document No. 124) is GRANTED, and the Spherion Defendants' Third-Party Complaint is DISMISSED.

Remaining to be tried are Plaintiff's claims for statutory penalties and attorney's fees under ERISA Sections 502(a)(1)(A) and (g)(1).

The Clerk shall notify all parties and provide them with a signed copy of this Order.

SIGNED at Houston, Texas, on this 24th day of August, 2005.


_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE