IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELISSA AMSCHWAND, § | | |
| INDIVIDUALLY AND ON BEHALF OF § | | |
| THE ESTATE OF THOMAS AMSCHWAND, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-02-4836 | |
| § | | |
| SPHERION CORPORATION, § | | |
| INDIVIDUALLY AND AS PLAN § | | |
| ADMINISTRATOR, TRUSTEES OF THE § | | |
| INTERIM HEALTH BENEFITS TRUST § | | |
| GROUP LIFE PLAN, and GROUP LIFE § | | |
| AND ACCIDENTAL DEATH AND § | | |
| DISMEMBERMENT INSURANCE PLAN, § | | |
| § | | |
| Defendants, § | | |
| § | | |
| v. § | | |
| § | | |
| AETNA LIFE INSURANCE COMPANY, § | | |
| § | | |
| Third-Party Defendant. § | | |

MEMORANDUM AND ORDER

Pending is Plaintiff's Second Motion for Summary Judgment (Document No. 152).¹ After having carefully reviewed the motion, the response, the evidence submitted by the parties, and the

---

¹ Also pending are the Spherion Defendants' Objections and Motion to Strike Plaintiff's Summary Judgment Evidence (Document No. 157), to which Plaintiff files no response in opposition. In accordance with Local Rule 7.4, the motion is deemed unopposed. Defendants' objections are meritorious, and the motion to strike is GRANTED.

applicable law, the Court concludes that the motion should be granted.

## I. Background

The background for this suit and identities of the parties may be found in the Court's Memorandum and Order entered August 24, 2005. Remaining in this lawsuit are Plaintiff's claims for statutory penalties and attorney's fees under ERISA § 502(c)(1)(B) and (g)(1). *See* 29 U.S.C. § 1132(c)(1)(B), (g)(1).[2] Plaintiff alleges that despite numerous requests, Spherion failed to provide to her and her husband copies of the Plan documents that would have alerted them to the Plan's terms for coverage, including the Active Work Rule, which stated: "If the employee is ill or injured and away from work on the date any of his or her Employee Coverage (or any increase in such coverage) would become effective, the effective date of coverage (or increase) will be held up until the date he or she goes back to work for one full day." *See* Document No. 104 ¶¶ 15-16, 32, 34-35, 37-38, 41-44, 51, 58. Accordingly, Plaintiff seeks an award of statutory damages in the amount of $100

---

[2] The parties agree that the issue of attorney's fees should be resolved by way of a fee application after the Court rules on the pending summary judgment motion. *See* Document Nos. 152 at 9; 156 at 1.

per day from the date of Spherion's "failure or refusal to send the documents requested by Plaintiff."  Id.

Although Plaintiff brings the motion pursuant to Federal Rule of Civil Procedure 56, Defendants state in response to the motion that "not all of the material facts are undisputed."  Document No. 156 at 1.  Nevertheless, Defendants "respectfully request that the Court resolve the instant penalty issue--including all disputed issues of material fact--pursuant to the instant motion," given that a "formal trial or hearing on the issue would be expensive, both to the parties and in terms of the Court's resources, but would add nothing to the presentation of the relevant argument."  Id.  Plaintiff agrees.  See Document No. 152 at 2.

## II.  Discussion

Section 502(c)(1)(B) of ERISA provides that:

> Any administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

29 U.S.C. § 1132(c)(1)(B). "In exercising its discretion to determine whether and what amount of penalty to award the court may consider, among other factors, the prejudice to the plan participant and the conduct of the administrator, as well as the number of requests for compliance made and the length of the delay." Ferguson v. Vice-President of Human Resources, Volt Mgmt. Corp., No. Civ. A. H-00-2104, 2001 WL 34070237, at *5 (S.D. Tex. Aug. 13, 2001) (Lake, J.) (citing Davis v. Featherstone, 97 F.3d 734, 738 (4th Cir. 1996); Ziaee v. Vest, 916 F.2d 1204, 1210-11 (7th Cir. 1990)).

The uncontroverted evidence is that Plaintiff's father and attorney, Anson Phipps ("Phipps"), made Plaintiff's first written request for Plan documents on July 20, 2001, approximately five months after Mr. Amschwand's death. *See* Document No. 152 ex. 8.[3] On August 24, 2001, Spherion's director of benefits wrote Phipps and purported to transmit the Aetna Life Insurance Plan Certificate, the Canada Life Guide to Benefits, and the Prudential Group Life and Disability Insurance Policy. Id. ex. 11. When none of these items was enclosed with the letter, however, Phipps made a second request for the applicable Plan documents on September 6,

---

[3] Although there is evidence that Mr. Amschwand requested but never received copies of the Aetna Policy and/or the applicable SPD before his death, Plaintiff was unable to locate a writing evidencing his requests. Document No. 152 at 2-3.

4

2001.  Id. ex. 12; ex. 18 ¶¶ 11-12.  On September 13, 2001, Phipps received from Spherion, *inter alia*, an Amendment Sheet for disabled employees prepared by Aetna; Phipps did not, however, receive a copy of the Policy.  *See* id. ex. 18 ¶ 14; *see also* Document No. 156 ex. 1.  On January 2, 2002, Phipps made a third request for a copy of the Policy.  Document No. 152 ex. 14.  On March 29, 2002, Spherion responded by sending Plaintiff a copy of the Prudential Group Life and Disability Policy, which, Spherion stated, it had determined was the insurance policy applicable to Mr. Amschwand. Id. ex. 17.  Spherion did not, however, include a copy of the Aetna Policy.  Id. ex. 18 ¶ 19.[4]

According to Plaintiff, she did not receive a complete set of the applicable Aetna documents--including the Aetna Policy and the applicable SPD with the Active Work Rule--until Aetna produced them in this litigation on May 8, 2003.  Id. ex. 24 ¶¶ 4-5.  Plaintiff therefore requests that the Court assess a statutory penalty

---

[4] In the letter, Spherion also stated that it was enclosing "all applicable plan documents," including documents covering "the period beginning with Mr. Amschwand's employment through April 20, 2000" and "the period beginning May 1, 2000 through the date of Mr. Amschwand's death."  *See* Document No. 152 ex. 17.  Spherion suggests that this statement is evidence that it complied with Plaintiff's request for Plan documents.  *See* Document No. 156 at 4-5.  The uncontroverted affidavit testimony of Plaintiff and Phipps, however, indicates that whatever documents Spherion sent, they did not include a copy of the Aetna Policy.  *See* Document No. 152 ex. 18 ¶ 19; ex. 24 ¶¶ 4-5.

against Spherion in the maximum amount of $100 per day for the 656-day period from July 20, 2001--when Plaintiff first requested the Plan documents--to May 8, 2003--when Aetna produced the Plan documents in this litigation--for a total of $65,600.  *See* Document No. 152 at 6.  Plaintiff contends that such an award is appropriate in this case because: (1) the prejudice suffered by Plaintiff is overwhelming, given that Mr. Amschwand requested the Plan documents before his death and "could have easily shown up to work for one day and been eligible for the death benefits which have now been denied" to Plaintiff; and (2) Spherion "essentially acted with deliberate indifference to its responsibilities" when it failed to meet Plaintiff's requests, particularly since it "made a conscious decision not to deliver plan documents to its plan participants to because of the associated cost in doing so."  Id. at 7-8.

In response, the Spherion Defendants argue that the Court should decline to impose a penalty because they "attempted in good faith to comply with Plaintiff's requests for Plan documents." Document No. 156 at 4.  Defendants admit that "[i]n hindsight it appears that errors may have been made," but Defendants argue that they "did not act in bad faith" or intentionally delay Plaintiff's receipt of the appropriate Plan documents.  Id. at 5.  Defendants further contend that Plaintiff was not prejudiced by their failure timely to provide the Plan documents because all of the alleged

6

prejudice and harm of which Plaintiff complains occurred before Mr. Amschwand's death. Id. Given that Plaintiff's receipt of the applicable Plan documents "had absolutely no impact on the merits of her claim or the outcome of this lawsuit," Defendants argue, any statutory penalty would be inappropriate. Id. But should the Court elect to exercise its discretion to impose a penalty, Defendants contend that the amount of the penalty should be substantially less than the $100 daily maximum. Id. at 6-7.

After carefully considering the relevant factors, including (1) Plaintiff's repeated attempts to obtain a complete copy of the appropriate and applicable Plan documents from Defendants, (2) Defendants' gross incompetence and neglect in supplying the properly requested documents, (3) testimony of Defendants' former employee that "Spherion was operating like a loose ship when it came to notifying employees of plan changes" and "was not timely or consistent in dispersing the Summary Plan Documents to its employees," see Document No. 152 ex. 3 ¶¶ 18, 21, (4) the inexcusable frustration, inconvenience, delay, and expense that Plaintiff necessarily incurred in unsuccessfully attempting to obtain the appropriate and applicable Plan documents from Defendants, and (5) the mitigating factors (i) that no proof has been presented of actual bad faith on the part of Defendants and (ii) that the delays did not affect the viability of Plaintiffs'

claims for the life insurance benefits,[5] the Court finds that imposing a statutory penalty in the amount of $85.00 per day for 656 days is appropriate to the total circumstances.

### III. Order

Accordingly, it is

ORDERED that Plaintiff Melissa Amschwand's Second Motion for Summary Judgment (Document No. 152) is GRANTED, and the Spherion Defendants shall pay to Plaintiff a statutory penalty in the amount $55,760.00.  It is further

ORDERED that within the next fourteen (14) days the parties shall confer in good faith to reach agreement on the fair and reasonable amount of attorney's fees that should be awarded to Plaintiff in connection with prosecuting her claim for statutory damages.  The Court believes that the parties can agree on this issue.  If not, then the parties shall file a joint report so advising the Court no later than 21 days after the entry of this

---

[5] While Defendants' incompetence in responding to Mr. Amschwand's survivors did not affect the viability of the claim for policy proceeds, it is likely that the same kind of incompetence on the part of Defendants served to withhold from Mr. Amschwand advice regarding the requirement that he return to work for one full day, which he could have done, to obtain full coverage of $426,000 in life insurance proceeds on his life.

Order.  The Court will thereafter--if necessary--set a briefing schedule on the attorneys' fees issue.

The Clerk shall notify all parties and provide them with a signed copy of this Order.

SIGNED at Houston, Texas, on this 6th day of March, 2006.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE